# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CLARENCE L. KIZER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:14 CV 226** |
| | ) | |
| **ALLEN COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, ALLEN COUNTY** | ) | |
| **DEPUTY SHERIFFS RAU AND MEYERS** | ) | |
| **as employees of the Allen County Sheriff's** | ) | |
| **Department and the Allen County Jail, and** | ) | |
| **in their individual capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Clarence L. Kizer, a *pro se* plaintiff, is proceeding against the Allen County

Sheriff's Department (the "Sheriff's Department"), Deputy William Rau, and Deputy

Aaron Meyers (collectively, "defendants") under 42 U.S.C. § 1983 for violations of the

Eighth and Fourteenth Amendments. (DE # 19.) Plaintiff also asserts "supplemental

state law and constitutional claims." (*Id.* at 1.) In a single motion, defendants have

moved for summary judgment. (DE # 34.) For the reasons stated below, the motion will

be granted.

## I.    LEGAL STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). If the nonmoving party fails to establish the existence of an essential element on which he or she bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006).

Plaintiff did not file a response to the motion for summary judgment, despite being given proper notice of the motion. (*See* DE # 36.) Pursuant to N.D. Ind. Local Rule 7-1(d)(4), a party's failure to file a response within the time prescribed may subject the motion to summary ruling. Nevertheless, "[s]trict enforcement of [local rules] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing

party to be deemed admitted." *Id.* Accordingly, defendants' "statement of material facts" (DE # 35 at 2–4) is deemed admitted and undisputed. The court still must "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Wienco, Inc.*, 965 F.2d at 568.

## II.    BACKGROUND

On September 15, 2012, Kizer was booked into Allen County Jail in Fort Wayne, Indiana. (DE # 34-1 at 4.) During his incarceration period, Kizer began experiencing tooth pain. (*Id.* at 5.) Ultimately, he was scheduled to receive a tooth extraction from an outside dentist. (*Id.*)

On February 14, 2013, Kizer and a female inmate were taken to the dentist by two officers of the Sheriff's Department: Officer Rau and Officer Meyers. (*Id.*) Before leaving the jail, Kizer's arms and legs were shackled by an officer who was neither Rau nor Meyers. (*Id.* at 6–7.) Then he was helped into a van by one of either Rau or Meyers. (*Id.* at 7.) Kizer had been in transport vans before and was familiar with this process. (*Id.*) Inside the van, there were two areas where inmates could sit: a middle area where inmates enter and exit from the side door, and a rear area where inmates enter and exit from the back door. (*Id.* at 6.) During the trip to the dentist's office, Kizer sat in the rear of the van while the female inmate sat in the middle. (*Id.*)

When the van arrived at the dentist's office, Kizer exited the van by jumping out from the  back without the assistance of the officers. (*Id.* at 7.) The drop from the rear of the van to the pavement was approximately a few feet. (*Id.*) Kizer was not injured when

he exited the van at that time. (*Id.*) At the dentist, Kizer received local anesthesia, had his tooth extracted, and received a cleaning. (*Id.* at 8.) He was then helped back into the van by the officers to be transported back to the jail. (*Id.*)

Upon returning to the jail, Officer Meyers exited the van and stood by its side. (*Id.* at 10.) Officer Rau went to the rear door of the van and asked Kizer to step out of the van. (*Id.* at 9.) Officer Rau then attempted to assist Kizer. (*Id.*) However, when Kizer exited the van he fell, face down. (*Id.*) He does not remember tripping over anything. (*Id.*) Additionally, Rau did not pull Kizer out of the vehicle. (*Id.* at 10.) After his fall, Kizer was evaluated by jail nursing staff and taken to the St. Joseph Hospital. (*Id.*)

On June 19, 2014, Kizer filed a complaint for damages and request for jury trial in the Allen County Superior Court. (DE # 1 ¶ 1.) In that complaint, Kizer brought the following claims: (1) violations of the Eighth and Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. § 1983, for cruel and unusual punishment; (2) violations of the Indiana Constitution; (3) negligence; and (4) intentional or negligent infliction of emotional distress. (DE # 4 ¶¶ 10–12.) In his deposition, Kizer argues that the officers could have done a better job of assisting him as he exited the van. (DE # 34-1 at 13.) He referred to Officers Rau and Meyers as "good guys" who he likes, but notes that they were "just negligent in the whole process, in terms of helping [him]." (*Id.* at 13–14.)

Defendants removed the case to this court, filing a notice of removal on July 28, 2014. (DE # 1.) On September 3, 2014, Kizer filed his amended complaint. (DE # 19.) The amended complaint once again brings claims under § 1983 involving the Eighth and Fourteenth Amendments, as well as "supplemental state law . . . claims." (*Id.*) Beyond that single statement, Kizer does not define his state law claims in the amended complaint; however, construing the amended complaint liberally, the court reads Kizer to be reasserting his negligence and infliction of emotional distress claims from his initial complaint. (*See id.*) Kizer also reasserts that defendants violated the Indiana Constitution without providing additional detail. (*See id.*)

On April 1, 2016, defendants filed a motion for summary judgment as to only the federal claims (the claims brought under 42 U.S.C. § 1983). (DE # 34.) Kizer did not respond to the motion in any manner. The motion is now ripe for ruling.

III. **DISCUSSION**

*A. Federal Claims*

In their motion, defendants argue that summary judgment should be granted against Kizer on his federal claims brought under § 1983 for cruel and unusual punishment. First, they contend that Officers Meyers and Rau are not liable in their individual capacities. (DE # 35 at 5.) Under the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials are required to "take reasonable measures to guarantee the safety of the inmates." *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010). In order to bring a § 1983 Eighth Amendment claim against prison

officials, a plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant officials acted with "deliberate indifference" to that risk. *Id.* at 756; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In a case with similar facts, a judge in the Northern District of Illinois found no substantial risk of harm and no deliberate indifference where an inmate in restraints was required to step from a van to a milk crate to the ground without assistance. *Henderson v. Brown*, No. 08 C 3172, 2010 WL 3861056, at *5–6 (N.D. Ill. Sept. 27, 2010). Even if, unlike in *Henderson*, this court were to find that Kizer did face a substantial risk in exiting the vehicle, there is no evidence indicating that Rau or Meyers acted with deliberate indifference. Deliberate indifference is "a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm upon a prisoner." *Id.* at *5 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The official must "actually know of and disregard the risk to incur culpability." *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997).

According to the undisputed facts in this case, Rau *assisted* Kizer as he exited the vehicle. This was more assistance than Rau had provided when Kizer successfully exited the vehicle after arriving at the dentist initially. Rau's actions here demonstrate that he addressed a risk, rather than disregarded one. Even as to Meyers, who did not directly assist Kizer, there is no evidence that he had a state of mind akin to deliberate indifference. No evidence before the court indicates that Meyers knew that exiting the van while being assisted by a single officer (Rau) would pose a substantial risk of harm

to Kizer. Nor is their evidence of any personal animosity between the parties from which a jury could infer a culpable state of mind.

Rather, Kizer's claims against the officers sound in negligence. Even Kizer admitted this in his deposition when he said that the two officers were "just negligent in the whole process, in terms of helping." (DE # 34-1 at 13–14.) "Mere negligence or even gross negligence does not constitute deliberate indifference." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Including the court in *Henderson*, other district courts have examined similar prisoner fall cases under a negligence framework. *See Henderson*, 2010 WL 3861056, at *6 ; *Offord v. Stalder*, No. 08-0058-A, 2008 WL 859138, at *2 (M.D. La. Mar. 31, 2008) (inmate fall while stepping down from vehicle in restraints sounds in mere negligence).

Under these circumstances, knowledge and disregard of a serious risk to Kizer cannot be attributed to the two officers. Thus, defendants Rau and Meyers are entitled to summary judgment against Kizer on the individual capacity claims against them.

Second, defendants argue that Rau and Meyers are not liable in their official capacities. (DE # 35 at 9–10.) "A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." *Franklin v. Zaruba*, 150 F.3d 682, 684 n. 2 (7th Cir. 1998). Therefore, the official capacity claims against those two officers are actually claims against the Sheriff's Department itself. *See Mihelic v. Will Cnty., Ill.*, 826 F. Supp. 2d 1104, 1117 (N.D. Ill. 2011). However, a municipality—here, the Sheriff's Department—"cannot be found liable [under § 1983] if

there is no finding that the individual officer is liable on the underlying substantive claim." *Durkin v. City of Chicago*, 341 F.3d 606, 615 (7th Cir. 2003). Therefore, in the case at hand, the Sheriff's Department may not be held liable on these claims and the officers may not be held liable in their official capacity unless Kizer suffered a constitutional deprivation at the hands of an individual officer. *See Mihelic*, 826 F. Supp. at 1117.

As discussed above, neither Rau nor Meyers are individually liable under § 1983 for a constitutional violation of the Eighth or Fourteenth Amendments. Besides Rau and Meyers, the other individual officer appearing in the facts of this case is the unnamed officer who placed Kizer in his shackles at the jail and provided less "slack" in the chains than Kizer had seen at previous times. (DE # 34-1 at 7.)  But Kizer does not assert that this other officer committed a constitutional violation in either the complaint or the amended complaint. Moreover, there is no evidence that this officer was something more than negligent.

Since no individual officer is liable on the underlying substantive claim, the Sheriff's Department cannot be found liable either. Furthermore, Kizer has failed to bring a *Monell* claim against the Sheriff's Department because he has failed to plead or provide evidence of any policy or custom causing a constitutional deprivation. *See Mayes v. City of Hammond, Ind.*, 442 F. Supp. 2d 587, 641 (N.D. Ind. 2006) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Accordingly, summary judgment is appropriate on the federal claims brought against the Allen County Sheriff's Department and against Officers Rau and Meyers in their official capacities.

Lastly, defendants also address potential claims against Sheriff David Gladieux of the Allen County Sheriff's Department, who is not mentioned by name in either the complaint or the amended complaint. (*See* DE ## 4, 19, 35 at 2.) To the extent that Kizer has asserted claims against Sheriff Gladieux in his official capacity, they are claims against the Sheriff's Department and summary judgment is appropriate for the reasons discussed earlier in this order. To the extent that Kizer attempts to assert claims against Sheriff Gladieux in his individual capacity, summary judgment is appropriate because there is no allegation or evidence that the Sheriff had any personal involvement in any alleged deprivation.

Consequently, summary judgment is appropriate in favor of defendants on all of Kizer's federal claims.

*B. State Law Claims*

Plaintiff's state law claims—including the negligence claim, the Indiana Constitution claim, and the infliction of emotional distress claims—will therefore be the only claims that survive defendants' motion for summary judgment. This case was removed pursuant to 28 U.S.C. § 1331, the federal question jurisdiction statute. (DE # 1.) Thus, the claims that gave the court original jurisdiction over this case will be dismissed.

28 U.S.C. § 1367(c) states the following:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

9

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under 28 U.S.C. § 1367(c)(3), when, as here, the federal claims have dropped out of the lawsuit, a "district judge has discretion to relinquish supplemental jurisdiction and remand . . . ." *Whitely v. Moravec*, 635 F.3d 308, 311 (7th Cir. 2011).

The Seventh Circuit has identified three situations where a district court should retain jurisdiction over a supplemental claim even though all federal claims have dropped out: "where the statute of limitations would bar the refiling of the supplemental claims in state court . . . ; where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–07 (7th Cir. 2007). This suit was originally filed in state court, and was removed, so the statute of limitations is not an issue. (DE # 1.) Additionally, the court has not spent substantial resources on the resolution of the state claims.

Finally, it is not obvious how the state law claims should be resolved. Defendants have not moved for summary judgment on those claims; in fact, they concede that genuine issues of material fact preclude the entry of summary judgment on plaintiff's

state law negligence claim. (DE # 35 at 2.) Therefore, the court will decline to exercise supplemental jurisdiction over Kizer's state law claims, and this case will be remanded to state court.

IV.     **CONCLUSION**

For the reasons set forth above, the motion for summary judgment (DE # 34) is **GRANTED** as to plaintiff's federal claims under 42 U.S.C. § 1983. Plaintiff's remaining state law claims are **REMANDED** back to state court. The Clerk is directed to return the case to the state court from which it originated.

<strong>SO ORDERED.</strong>

Date: March 24, 2017

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT